IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LITTLE TYKE'S LEARNING ACADEMY;    )
DOROTHY AVANT, KIMBERLY AVANT,     )
BRIAN AVANT AND BOBBY AVANT, in    )
their official and personal        )
capacity,                          )
                                   )
        Plaintiffs,                )
                                   )
v.                                 )   No. 03-2570 Ma/V
                                   )
INSOUTH BANK, INSOUTH BANK, INC.;  )
LARRY MURFF, AGENT OF INSOUTH BANK;)
EDWARD BELL, VICE PRESIDENT OF     )
INSOUTH BANK; T. KEVIN BRUCE, BRUCE,)
NORRIS AND BASS, PLLC; GEOFFREY    )
HIRSCH; AND KRIVCHER MAGIDS, PLLC, )
                                   )
        Defendants.                )
                                   )

---

### ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

---

Before the court is plaintiffs Little Tyke's Learning Academy, Dorothy Avant, Kimberly Avant, Brain Avant, and Bobby Avant's ("the Plaintiffs") "Motion for Leave to Serve Complaint Outside of 120 Day Limitation or in the Alternative to Dismiss Without Prejudice Within the Statute of Limitations," filed on April 27, 2005. The Plaintiffs' counsel has also submitted directly to the court an *in camera* statement titled "Statement Supporting Good Cause For Failure to Serve Complaint Within 120 Day Period." Defendant Insouth Bank, Inc. ("Insouth") filed a response on May 18, 2005.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 5-23-05

An <u>in camera</u> complaint was filed in this case on August 4, 2003. The Complaint was unsealed on May 17, 2004, allowing the Plaintiffs to serve process on the defendants. The Plaintiffs, however, never served the Complaint. (Pl.'s Mot. at 1-2.)

Fed. R. Civ. P. 4(m) states:

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

"Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." <u>Byrd v. Stone</u>, 94 F.3d 217, 219 (6th Cir. 1996). A plaintiff bears the burden of establishing good cause and the "determination of good cause is left to the sound discretion of the district court." <u>Habib v. General Motors Corp.</u>, 15 F.3d 72, 73 (6th Cir. 1994). Good cause may exist if a plaintiff or his counsel suffers a sudden and acute illness that prevents him from serving process within the 120 day period. <u>Id.</u> at 74. A plaintiff may also demonstrate good cause by showing that "he/she made a reasonable and diligent effort to effect service." <u>Id.</u> Additionally, Rule 4(m) must be construed leniently for <u>pro se</u> litigants. <u>Id.</u>

Plaintiffs' counsel's <u>in camera</u> statement explaining why no attempt was made to serve the Complaint for over a year after the

2

Complaint was unsealed contains no showing of good cause.[1] Most notably, the statement fails to allege that the Plaintiffs put forth any effort during the intervening year to effect service of process on the defendants. See Bush v. City of Zeeland, 74 Fed. Appx. 581, 583 (6th Cir. 2003) (dismissing the case because the affidavit filed by the plaintiffs to support their motion to serve process outside the 120 day period "did not disclose any effort, however minimal, by the plaintiffs to effect service of process on the [Defendant]").

Insouth asks the court to dismiss this case with prejudice. According to the Defendants this is the second time in two years that the Plaintiffs have filed this lawsuit and then failed to prosecute the case. (Def.'s Resp. at 1-2.) Rule 4(m) instructs that dismissal for failure to serve process is to be without prejudice. The court sees no reason to ignore Rule 4(m)'s instruction. According to Insouth, the first filing ended with a voluntary dismissal roughly two months after the case was filed. (Id.) The only action Insouth has had to take in this case is to file a three page response to the Plaintiffs' motion to serve outside the 120 day period. Thus far, Insouth has expended few resources defending this suit. Consequently, the court sees no reason at this time to dismiss this case with prejudice.

Finally, the court notes that "[i]t is generally accepted that a dismissal without prejudice leaves the situation the same as if

---

[1] Because the statement was filed in camera, the court will not quote from it or describe its contents.

the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending." <u>Wilson v. Grumman Ohio Corp.</u>, 815 F.2d 26, 27 (6th Cir. 1987).

For the foregoing reasons, Plaintiffs' Complaint is DISMISSED WITHOUT PREJUDICE.

So ordered this 20th day of May 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 8 in case 2:03-CV-02570 was distributed by fax, mail, or direct printing on May 23, 2005 to the parties listed.

---

Wanda Abioto
LAW OFFICE OF WANDA ABIOTO
1555 Madison Ave.
Memphis, TN 38104

Honorable Samuel Mays
US DISTRICT COURT